1  Mark S. Askanas (State Bar No. 122745)
   Alison H. Hong  (State Bar No. 272968)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California  94111
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   Email: askanasm@jacksonlewis.com
5         alison.hong@jacksonlewis.com

6  Attorneys for Defendant
   G4S SECURE SOLUTIONS (USA) INC.
7

8              UNITED STATES DISTRICT COURT

9           THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LEONARD BERMUDEZ, | Case No. _____ |
| 12       Plaintiff, | |
| 13       v. | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)** |
| 14  G4S SECURE SOLUTIONS (USA) INC.; Does 1 to 30 inclusive, | **(DIVERSITY JURISDICTION)** |
| 15       Defendants. | State Complaint Filed:  October 11, 2012 |
| 16 | Trial Date:  None Set |

17      TO  THE  CLERK  OF  THE  UNITED  STATES  DISTRICT  COURT  FOR  THE

18  NORTHERN DISTRICT OF CALIFORNIA, AND ALL PARTIES AND THEIR COUNSEL:

19      PLEASE  TAKE  NOTICE  that  Defendant  G4S  SECURE  SOLUTIONS  (USA)  INC.

20  ("Defendant") hereby removes the below-referenced action from the Superior Court in the State

21  of California for the County of San Francisco to the United States District Court for the Northern

22  District of California, San Francisco Division.

23      The removal is based on 28 U.S.C. sections 1332(a), and 1441(a), and, specifically on the

24  following grounds:

25          **PRELIMINARY STATEMENT OF JURISDICTION**

26      1.      This Court has original jurisdiction over this action under 28 U.S.C. section

27  1332(a).  This action is therefore removable to this Court by Defendant solely on that basis, under

28  28 U.S.C. section 1441(a), because this is a civil action between citizens of different states and

1

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)          Case No. _____

1   the matter of controversy exceeds the sum of $75,000, exclusive of interest and costs.

2                                              **VENUE**

3          2.       Venue properly lies in the United States District Court for the Northern District of

4   California, San Francisco Division, pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because

5   the state court action was filed in this District and this is the judicial district in which the action

6   arose.

7                          **PLEADINGS, PROCESS AND ORDERS**

8          3.       On or about October 11, 2013, Plaintiff Leonard Bermudez ("Plaintiff") filed an

9   action in the Superior Court of California, County of San Francisco, entitled *Leonard Bermudez v.*

10  *G4S Secure Solutions (USA) Inc., Charles Boyd, and DOES 1-30 inclusive* ("Complaint")*, which*

11  was designated by that court as case number CGC-13-534821.  A true and correct copy of the

12  Summons and Complaint is attached as **Exhibit A**.

13         4.       On or about October 23, 2013, Plaintiff filed a Substitution of Attorney—Civil

14  (Without Court Order) in the above-referenced action, substituting Plaintiff as party representing

15  self with new legal representative Richard M. Rogers, Esq. of the Law Offices of Richard M.

16  Rogers, 100 Bush Street, #1980, San Francisco, CA 94104.  A true and correct copy of the

17  Substitution of Attorney is attached as **Exhibit B**.

18         5.       On or about November 12, 2013, Plaintiff served Defendant G4S Secure Solutions

19  (USA) Inc. when Defendant's attorney signed a Notice of Acknowledgment of Receipt of the

20  Summons and Complaint and other related documents.   On November 13, 2013, Plaintiff's

21  counsel acknowledged receipt of Defendant's Notice and notified Defendant that it was sent for

22  filing with the state court.  On November 20, 2013, Plaintiff's counsel further notified Defendant

23  that the state court clerk rejected the filing as the signed Notice was not dated.  On November 21,

24  2013, Defendant provided a signed and dated Notice of Acknowledgment of Receipt.  True and

25  correct copies of the Notices of Acknowledgment of Receipt are attached as **Exhibit C**.

26         6.       On November 13, 2013, Plaintiff's counsel forwarded via email an electronic copy

27  of Plaintiff's Request for Dismissal of individual Defendant Charles Boyd.  This was the first

28  notice Defendant received of Defendant Charles Boyd's dismissal and the first time that

                                                2

1 | Defendant was able to ascertain that the case is one which is or has become removable. A true
2 | and correct copy of the email is attached hereto as **Exhibit D**.

3 |         7.       On or about November 15, 2013, Plaintiff filed a Request for Dismissal with
4 | prejudice as to individual Defendant Charles Boyd from the above-referenced action. A true and
5 | correct copy of the Request for Dismissal is attached as **Exhibit E**.

6 |         8.       On or about November 15, 2013, Plaintiff filed a First Amended Complaint for
7 | Equitable Relief and Damages. A true and correct copy of the First Amended Complaint is
8 | attached as **Exhibit F**.

9 |         9.       Plaintiff's First Amended Complaint alleges the following causes of action against
10 | Defendant G4S Secure Solutions (USA) Inc.: 1) Race discrimination in violation of California
11 | Government Code section 12940(a); 2) Color discrimination in violation of California
12 | Government Code section 12940(a); Age discrimination in violation of California Government
13 | Code section 12940(a); Violation of California Government Code section 12945.2 (California
14 | Family Rights Act); Failure to prevent discrimination in violation of California Government Code
15 | section 12940(k); Retaliation in violation of California Government Code section 12940(h); and
16 | Violation of public policy.

17 |         10.      On or about December 12, 2013, Defendant G4S Secure Solutions (USA) Inc.
18 | filed and served its Answer to Plaintiff's First Amended Complaint. A true and correct copy
19 | Defendant's Answer is attached as **Exhibit G**.

20 |         11.      Other than **Exhibits A, B, E, F and G**, Defendant is not aware of any other
21 | pleadings and orders previously filed in this action and none are contained in the state court's file.

22 | **TIMELINESS OF REMOVAL**

23 |         12.      This Notice of Removal is timely under 28 U.S.C. section 1446(b) because
24 | Defendant has filed it within 30 days after being forwarded, on November 13, 2013, an electronic
25 | copy of Plaintiff's Request for Dismissal of individual Defendant Charles Boyd, at which time
26 | Defendant was for the first time able to ascertain that the case is one which is or has become
27 | removable.
28 | / / /

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)      Case No. _____

1

**NOTICE TO PLAINTIFF AND STATE COURT**

2      13.     In accordance with 28 U.S.C. section 1446(d), Defendant's counsel certifies that a

3   copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and

4   filed with the Clerk of the United States District Court for the Northern District of California, San

5   Francisco Division.  As a result, all procedural requirements under 28 U.S.C. section 1446 are

6   satisfied.

7      14.     Defendant has paid or will pay the filing fees prescribed by this Court's rules.

8

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

9      15.     This Court has jurisdiction over this action because it is a civil action of which this

10   Court has original jurisdiction under 28 U.S.C. section 1332(a) and is one which may be removed

11   to this Court by Defendant pursuant to 28 U.S.C. section 1441(a) in that it is a civil action

12   between citizens of different states in which the matter in controversy exceeds $75,000, exclusive

13   of interest and costs.

14      16.     Plaintiff's First Amended Complaint does not allege an amount in controversy.

15   However, counsel for Defendant specializes in representing employers in labor and employment

16   law matters, including actions alleging causes of action for discrimination, retaliation, failure to

17   prevent retaliation, and violation of the California Family Rights Act under California's Fair

18   Employment and Housing Act (Gov. Code *12940 et seq.*) and for violation of public policy.

19   Based on this expertise and experience, the nature of Plaintiff's allegations and the relief sought

20   by Plaintiff, the amount in controversy in such cases typically exceed $75,000, inclusive of fees

21   and costs but exclusive of interest and costs.  This conclusion was reached based in part on the

22   following allegations in Plaintiff's First Amended Complaint:

23      a.   Plaintiff alleges he was born in 1949 in Belize and is of African ancestry with

24         black skin.  (First Amended Complaint ¶ 8.)

25      b.   Plaintiff alleges he was discriminated against after resolution of a prior civil action

26         against Defendant.  (First Amended Complaint ¶¶ 9-12.)

27      c.   Plaintiff alleges in his First Amended Complaint that Plaintiff was discriminated

28         against as follows: "Plaintiff was removed from his position as a security officer

4

at Bank of America in 2009 and relocated to a *lower paying position* at Chevy's Restaurant."; "Plaintiff was removed from the Chevy's restaurant position because of a false complaint that Defendant knew to be false."; "Plaintiff was *suspended from his next position on September 29, 2011* because he had taken time off to care for his gravely ill son and because of his own illness and disability."; "Mr. Boyd improperly accumulated sick days in order to suspend Plaintiff." (emphasis added) (First Amended Complaint ¶ 12.); and Defendant "*failed to refuse to return him to work since September 29, 2011*, in spite of assurances to Plaintiff that he would be returned to work." (emphasis added) (First Amended Complaint ¶ 12.)

d.   Plaintiff alleges Defendant acted in the above-mentioned manner because of his race, color, age, and his taking of CFRA leave, and/or in retaliation for his filing his prior civil action against Defendant.  Plaintiff further alleges Defendant failed to take all reasonable steps to prevent the alleged discriminatory conduct.  (First Amended Complaint ¶¶ 13-14.)

e.   Plaintiff alleges, "As a proximate result of Defendant's discriminatory actions, Plaintiff has been harmed in that *Plaintiff has suffered the loss of wages, salary, and benefits*." (emphasis added) (First Amended Complaint ¶ 15.)

f.   Plaintiff alleges, "As a direct, foreseeable and legal result of Defendants' actions, Plaintiff has *suffered and continues to suffer humiliation, embarrassment and mental and emotional distress and discomfort*, all to his damage in an amount to be proven at trial." (emphasis added) (First Amended Complaint ¶ 16.)

g.   Plaintiff alleges, "Because the despicable acts taken toward Plaintiff were carried out by managerial agents acting in a deliberate, planned, cold, callous and intentional manner in order to injure and damage Plaintiff, he is *entitled to recover punitive damages*…" (emphasis added) (First Amended Complaint ¶ 17.)

h.   Plaintiff alleges he is *entitled to attorney's fees* pursuant to California Government Code section 12965.  (First Amended Complaint ¶ 25.)

5

i.   Plaintiff prays for the following relief: "1. *Injunctive relief* requiring Defendants to refrain from further discriminatory acts and remedying past discrimination; 2. *Actual damages* in a sum to be ascertained at trial; 3. *General damages* in an amount within the jurisdiction of this Court; 4. *Exemplary and punitive damages* in an amount within the jurisdiction of this Court; 5. Costs of suit, prejudgment interest, 6. *reasonably attorney's fees*; and *such further relief as the Court deems just and proper.*" (First Amended Complaint, Prayer for Relief.)

17.   Accordingly, although the amount actually sought by Plaintiff is unstated, Defendant has a good faith belief based on the aforementioned allegations in Plaintiff's First Amended Complaint, including lost wages (Plaintiff alleges transfer to a lower paying job, suspension, and has not returned to work since September 29, 2011), lost benefits, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees, that the amount in controversy is well in excess of this Court's jurisdictional amount of $75,000. (*See* 28 U.S.C. § 1332(a).)

18.   Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more likely than not that plaintiff's claim exceeds the jurisdictional minimum. (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citations omitted).)

19.   In determining whether the amount in controversy exceeds $75,000.00, the Court must presume the plaintiff will prevail on each and every one of his claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").)

20.   The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. (*Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).)  The Court may examine the nature of the action and the

relief sought, and take judicial notice of attorneys' fee awards in similar cases. (*See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).)

21.    Ninth Circuit cases firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. (*See, Galt G/S*, 142 F.3d at 1155-56.)  Furthermore, such fees are calculable beyond the time of removal. (*Simmons*, 209 F.Supp.2d at 1035.)

22.    Punitive damages are also included in calculating the amount in controversy. (*Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).)  In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. ***These claims are the same as those asserted by Plaintiff in the present action.***  The court in *Aucina* noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" ***the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum***. (*Aucina*, 871 F.Supp. at 334.)  Thus, although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his Fair Employment and Housing Act claims for discrimination, retaliation and failure to prevent retaliation and establish the requisite state of mind, the potential punitive damages award against Defendant could exceed the $75,000 jurisdictional minimum.

23.    Moreover, injunctive relief may also be taken into consideration in establishing that the amount in controversy is met.  In actions seeking declaratory or injunctive relief the value of the object of the litigation is used to establish the amount in controversy. (*Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).)  The value is measured from the plaintiff's perspective. (*Snow v. Ford Motor Co.*, 561 F.2d 787, 789-791 (9th Cir. 1977).)  Here, Plaintiff prays for injunctive relief requiring Defendant to implement a means to prevent any further discriminatory acts and remedy past discrimination.  Such forms of injunctive relief may be in

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)          Case No._____

1    terms of training, implementation of new anti-discrimination and harassment policies and

2    programs, or other measures which requires Defendant to spend significant amounts of money as

3    it may involve change at an organizational level.

4         24.    Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for the

5    amount in controversy.  It cannot be said to a legal certainty that Plaintiff would not be entitled to

6    recover the jurisdictional amount.  (*Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d

7    311, 315 (7th Cir. 1996); *Watson v. Blankinship,* 20 F.3d 383, 386-87 (10th Cir. 1994).)

8         25.    Furthermore, diversity of citizenship exists in that Defendant is informed and

9    believes and thereon alleges that Plaintiff was and still is a citizen of the State of California.  In

10   fact, Plaintiff alleges in his Complaint that he is a resident of Alameda County.  (First Amended

11   Complaint ¶ 1).

12        26.    Defendant G4S Secure Solutions (USA) Inc. was at the time of filing this action,

13   and still is, a citizen of the State of Florida, the State in which it was incorporated.  Defendant

14   maintains its principal place of business in the State of Florida.   Defendant's corporate

15   headquarters are located in Jupiter, Florida, which is also where Defendant's corporate officers

16   are located and where they direct, control, and coordinate the corporation's activities.

17   Defendant's senior executives are located in and all administrative functions are carried out of its

18   headquarters in Florida.   As a result, all of the corporate decisions of Defendant are made in

19   Florida, including operational, executive, administrative and policymaking decisions.

20        27.    For diversity purposes, a corporation is considered a citizen of any state by which

21   it is incorporated and of the state where it has its principal place of business.  (28 U.S.C. section

22   1332(c)(1).)  The Supreme Court adopted the "never-center" test to determine in which state a

23   corporation has its principal place of business.  *Hertz Corp. v. Friend* 130 S. Ct. 1181, 1992

24   (2010).  The principal place of business refers to the place where a corporation's officers direct,

25   control, and coordinates the corporation's activity.  *Id.*  "…[I]n practice it should normally be the

26   place where the corporation maintains its headquarters—provided that the headquarters is the

27   actual center of direction, control, and coordination, i.e., the 'never center,' …" *Id.*

28        28.    Thus, the state of Florida, where Defendant's headquarters is located, is the

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)          Case No._____

1    location of its principal place of business as well as it being the state of its incorporation.

2         29.    Accordingly, removal of this action is proper under 28 U.S.C. section 1332(a)

3    because Plaintiff is a citizen of the state of California and Defendant is a citizen of Florida, and

4    the amount in controversy exceeds $75,000.

5         WHEREFORE, Defendant respectfully requests that the action now pending against it in

6    the Superior Court in the State of California for the County of San Francisco to be removed to

7    this Court.

8                      RESPECTFULLY SUBMITTED,

9    Dated: December 13, 2013          JACKSON LEWIS P.C.

10

11

12                 By:         /s/ Mark S. Askanas
                                 Mark S. Askanas

13                                    Alison H. Hong
                                 Attorneys for Defendant

14                                     G4S SECURE SOLUTIONS (USA) INC.

15    4820-1068-9815, v. 1

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)     Case No.

# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Leonard Bermudez
P.O. Box 5323
Oakland, CA 94605
TELEPHONE NO: (510) 566-8956      FAX NO.:
ATTORNEY FOR (Name): Plaintiff in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street, Room 103
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**F I L E D**
Superior Court of California
County of San Francisco

OCT 1 1 2013

CLERK OF THE COURT
BY_____Mary Ann Moran_____
Deputy Clerk

CASE NAME:
Bermudez v. G4S Secure Solutions (USA) Inc.; Charles Boyd et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC 13 - 534821 |
| | | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 4
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 11, 2013
Leonard Bermudez
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioners Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
G4S SECURE SOLUTIONS (USA) INC.; CHARLES BOYD; Does 1
to 30 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LEONARD BERMUDEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): Superior Court, County of San Francisco | (Número del Caso): C G C 1 3 - 5 3 4 8 2 1 |
| 400 McAllister Street, San Francisco, CA  94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Leonard Bermudez, P.O. Box 5323, Oakland, CA  94605; (510) 566-8956

| DATE: | OCT 1 1 2013 | CLERK OF THE COURT | Clerk, by | _[signature]_ | , Deputy |
|---|---|---|---|---|---|
| (Fecha) | | | (Secretario) | **M.A. MORAN** | (Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL: SUPERIOR COURT OF CALIFORNIA · COUNTY OF SAN FRANCISCO · EUREKA]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

    under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other (specify):
4. [ ] by personal delivery on (date):

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

LEONARD BERMUDEZ
P.O. Box 5323
Oakland, CA 94605
(510)566-8956
LBermudez1949@yahoo.com

Plaintiff in Pro Per

**F I L E D**
Superior Court of California
County of San Francisco

OCT 10 2013

CLERK OF THE COURT
BY: _Mary Ann Moran_
Deputy Clerk

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF SAN BERMUDEZCO, UNLIMITED JURISDICTION

| | |
|---|---|
| LEONARD BERMUDEZ,<br><br>             Plaintiff,<br><br>   vs.<br><br>G4S SECURE SOLUTIONS (USA)<br>INC.; CHARLES BOYD;  Does 1 to<br>30 inclusive,<br><br>             Defendants. | ) Case No.: **CGC 13-534821**<br>)<br>) **COMPLAINT FOR DAMAGES**<br>) **[VIOLATION OF FEHA, WRONGFUL**<br>) **TERMINATION, INTENTIONAL AND**<br>) **NEGLIGENT INFLICTION OF**<br>) **EMOTIONAL DISTRESS]**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF LEONARD BERMUDEZ ALLEGES:**

**I.**

**PARTIES**

1.   Plaintiff LEONARD BERMUDEZ ("Plaintiff" or "BERMUDEZ")
     was an employed as a security guard with Defendant G4S
     Secure Solutions (USA) Inc. ("G4S") and is a resident of
     Alameda County, California.

2.   Defendant G4S is registered with the California
     Secretary of State as a Corporation and Plaintiff is
     informed and believes that its principal place of

**COMPLAINT FOR DAMAGES**

- 1

1     business in California is in San Francisco County,

2     California.  Plaintiff is informed and believes that the

3     acts giving rise to this action occurred in the County

4     of San Francisco.

5   3.   Plaintiff is informed and believes that at all relevant

6     times Defendant CHARLES BOYD ("BOYD") was a manager of

7     G4S.  Plaintiff is informed and believes that BOYD is a

8     resident of Alameda County, California.  BOYD was at all

9     relevant times a supervisor of BERMUDEZ.  Plaintiff is

10     informed and believes that as such he had significant

11     control over the decision as to who would be laid off

12     and who would be called back to work by G4S.

13   4.   Plaintiff is informed and believes and alleges that at

14     all relevant times, BOYD was an employee and/or managing

15     agent of G4S who exercised substantial independent

16     authority and judgment in his decisions making so that

17     his decisions ultimately determined G4S's business

18     policies.

19   5.   The true names and capacities, whether individual,

20     corporate, associate or otherwise, of Defendant DOES 1

21     through 30 are unknown to Plaintiff, who therefore sues

22     said Defendants by such fictitious names.  Plaintiff

23     will amend this Complaint by inserting the true names

24     and capacities of such Defendants when they are

25     ascertained.  Plaintiff is informed and believes and

26     thereon alleges that each of the DOE Defendants is

27     responsible in some manner for the injuries suffered by

28     Plaintiff, and for damages proximately caused by the

**COMPLAINT FOR DAMAGES**

- 2

1   conduct of each such Defendant as herein alleged.  At
2   all times mentioned, each of the DOE Defendants and
3   employees of G4S were the agents, managing agents,
4   servants and employees of the remaining Defendants and
5   at all times herein mentioned, were acting within the
6   course and scope of said agency, service and employment.
7   6.   Plaintiff is informed and believes, and thereon alleges,
8   that each and all of the acts and omissions alleged
9   herein were performed by, and/or attributable to, all
10  Defendants, each acting as agents and/or employees,
11  and/or under the direction and control of each of the
12  other Defendants, and that said acts, omissions and
13  failures to act were within the course and scope of said
14  agency, employment and/or direction and control.
15  Plaintiff is informed and believes, and thereon alleges,
16  that at all times material herein, Defendants were and
17  are the agents of each other.

## II.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

20  7.   Plaintiff has filed a charge of discrimination with the
21  California Department of Fair Employment and Housing
22  ("DFEH") which has issued a "right-to-sue" letter, a
23  copy of which is attached as Exhibit A.

## III.

### FIRST CAUSE OF ACTION

Violation of the Fair Employment and Housing Act Against G4S,
BOYD and Does 1 to 30

### COMPLAINT FOR DAMAGES

- 3

8.   Plaintiff incorporates by reference as though fully set
     forth herein each and every allegation set forth above
     in this Complaint.  As a distinct claim for relief,
     Plaintiff alleges as follows:

9.   On or about 2007 BERMUDEZ filed a civil action against
     The Wackenhut Corporation, a predecessor in interest to
     G4S, and Carlos Velasquez alleging discrimination on the
     basis of his race and national origin.  Plaintiff is
     black and a native of Belize.

10.  On or about January 10, 2009 the matter was resolved.

11.  Throughout the pendency of the civil action and at all
     times thereafter until September 29, 2011 Plaintiff
     provided the services demanded of him as a security
     guard for G4S.

12.  BERMUDEZ is black, a native of Belize, and had
     previously reported discrimination on those bases to his
     employer.  As such Plaintiff falls within the membership
     of several classes of persons protected by FEHA.

13.  Following the resolution of Plaintiff's civil action
     against G4S' predecessor, Defendants G4S and its
     employees engaged in the following actions with the
     intent of harassing and retaliating against Plaintiff on
     account of his race, national origin and prior complaint
     of discrimination:  (1) BERMUDEZ was unfairly
     disciplined; (2) on or about September 30, 2009 BERMUDEZ
     contacted by telephone and told that he was being laid
     off.  He was promised a new position.  However, since

**COMPLAINT FOR DAMAGES**

- 4

that time G4S has failed and refused to provide
Plaintiff with employment.

14. BERMUDEZ tried tirelessly to obtain further employment
from G4S, BOYD and Does 1 to 30 to no avail.  BOYD and
G4S refused to answer his telephone calls and messages
were not returned.

15. G4S and BOYD engaged in said actions with the intent of
harassing and retaliating against BERMUDEZ on account of
his race, national origin and prior complaint of
discrimination.  G4S, BOYD and their agents and
supervisors knew or should have known of the harassing
actions and retaliatory behavior because they were
present when said actions took place.  Despite
Defendants' knowledge of the harassment and retaliation,
Defendants failed to take immediate and appropriate
corrective action to stop the conduct.  BERMUDEZ is
informed and believes that furthermore, before the
harassment occurred, G4S failed to take all reasonable
steps to prevent such harassment from occurring.

16. The actions alleged above caused Plaintiff to be
constructively discharged from his employment.
Defendants had actual knowledge of the intolerable
conditions caused by the acts of harassment, but failed
to take any steps to end those conditions.

17. Defendants' discriminatory actions against Plaintiff
constituted unlawful discrimination in employment on
account of race, national origin, and in retaliation for
complaining of discrimination in violation of FEHA.

**COMPLAINT FOR DAMAGES**

- 5 -

18. As a proximate result of Defendants' discriminatory actions, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and benefits.

19. As a direct, foreseeable and legal result of Defendants' fraud, Plaintiff has suffered and continues to suffer humiliation, embarrassment and mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.

20. By reason of Defendants' conduct, Plaintiff may retain attorneys to prosecute this action.  Plaintiff would therefore be entitled to reasonable attorneys' fees and litigation expenses incurred in prosecuting this action.

21. Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Because the despicable acts taken toward Plaintiff were carried out by managerial agents acting in a deliberate, planned, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants G4S and BOYD in an amount according to proof.

### SECOND CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

22. Plaintiff incorporates by reference as though fully set forth herein each and every allegation set forth above

### COMPLAINT FOR DAMAGES

in this Complaint.  As a distinct claim for relief, Plaintiff alleges as follows:

23.  The Fair Employment and Housing Act constitutes a fundamental public policy of the State of California.

24.  The actions of G4S, BOYD and Defendants 1 to 30 were in violation of this fundamental public policy, thus giving rise to the tortious wrongful termination of BERMUDEZ.

25.  As a proximate result of Defendants' actions, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and benefits.

26.  As a direct, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment and mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.

27.  Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Because the despicable acts taken toward Plaintiff were carried out by managerial agents acting in a deliberate, planned, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants G4S and BOYD in an amount according to proof.

**THIRD CAUSE OF ACTION**

Intentional Infliction of Emotional Distress
**COMPLAINT FOR DAMAGES**

- 7 -

Against G4S, BOYD and Does 1 to 30

28. Plaintiff incorporates by reference as though fully set forth herein each and every allegation set forth above in this Complaint.  As a distinct claim for relief, Plaintiff alleges as follows:

29. In doing the acts alleged above, including harassing and retaliating against Plaintiff, Defendants acted intentionally and maliciously, without probable cause.

30. As a direct, proximate, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment and mental and emotional distress in an amount to be proven at trial.

31. Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Because the despicable acts taken toward Plaintiff were carried out by managerial agents acting in a deliberate, planned, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants G4S and BOYD in an amount according to proof.

## FOURTH CAUSE OF ACTION

Negligent Infliction of Emotional Distress

Against G4S, BOYD and Does 1 to 30

## COMPLAINT FOR DAMAGES

– 8 –

32.  Plaintiff incorporates by reference as though fully set forth herein each and every allegation set forth above in this Complaint.  As a distinct claim for relief, Plaintiff alleges as follows:

33.  Defendants G4S, BOYD and Does 1 to 30 knew, or in the exercise of due and reasonable care should have known that their conduct as alleged above would cause BERMUDEZ severe emotional distress.

34.  As a direct, proximate, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment and mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.

**WHREEFORE**, Plaintiff prays judgment against Defendants as follows:

1.  For general damages according to proof;

2.  For special and consequential damages according to proof;

3.  For exemplary and punitive damages;

4.  For reasonable attorney's fees according to proof;

5.  For costs of suit herein incurred;

6.  For such other and further relief as the Court may deem proper.

Date: October 11, 2013

Leonard Bermudez
Plaintiff in Pro Per

**COMPLAINT FOR DAMAGES**

- 9

LEONARD BERMUDEZ
P.O. Box 5323
Oakland, CA 94605
(510)566-8956
LBermudez1949@yahoo.com

Plaintiff in Pro Per

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF SAN BERMUDEZCO, UNLIMITED JURISDICTION

LEONARD BERMUDEZ,                )  Case No.:
                                 )
          Plaintiff,             )  **COMPLAINT FOR DAMAGES**
     vs.                         )  **[VIOLATION OF FEHA, WRONGFUL**
                                 )  **TERMINATION, INTENTIONAL AND**
G4S SECURE SOLUTIONS (USA)       )  **NEGLIGENT INFLICTION OF**
INC.; CHARLES BOYD;  Does 1 to   )  **EMOTIONAL DISTRESS]**
30 inclusive,                    )
                                 )
          Defendants.            )
                                 )
                                 )
                                 )
                                 )
                                 )
                                 )
_____)

**PLAINTIFF LEONARD BERMUDEZ ALLEGES:**

**I.**

**PARTIES**

1.   Plaintiff LEONARD BERMUDEZ ("Plaintiff" or "BERMUDEZ")
     was an employed as a security guard with Defendant G4S
     Secure Solutions (USA) Inc. ("G4S") and is a resident of
     Alameda County, California.

2.   Defendant G4S is registered with the California
     Secretary of State as a Corporation and Plaintiff is
     informed and believes that its principal place of

**COMPLAINT FOR DAMAGES**

- 1

business in California is in San Francisco County, California. Plaintiff is informed and believes that the acts giving rise to this action occurred in the County of San Francisco.

3. Plaintiff is informed and believes that at all relevant times Defendant CHARLES BOYD ("BOYD") was a manager of G4S. Plaintiff is informed and believes that BOYD is a resident of Alameda County, California. BOYD was at all relevant times a supervisor of BERMUDEZ. Plaintiff is informed and believes that as such he had significant control over the decision as to who would be laid off and who would be called back to work by G4S.

4. Plaintiff is informed and believes and alleges that at all relevant times, BOYD was an employee and/or managing agent of G4S who exercised substantial independent authority and judgment in his decisions making so that his decisions ultimately determined G4S's business policies.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 30 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of such Defendants when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants is responsible in some manner for the injuries suffered by Plaintiff, and for damages proximately caused by the

**COMPLAINT FOR DAMAGES**

- 2

conduct of each such Defendant as herein alleged.  At all times mentioned, each of the DOE Defendants and employees of G4S were the agents, managing agents, servants and employees of the remaining Defendants and at all times herein mentioned, were acting within the course and scope of said agency, service and employment.

6.   Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts, omissions and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material herein, Defendants were and are the agents of each other.

## II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.   Plaintiff has filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH") which has issued a "right-to-sue" letter, a copy of which is attached as Exhibit A.

## III.

## FIRST CAUSE OF ACTION

Violation of the Fair Employment and Housing Act Against G4S, BOYD and Does 1 to 30

## COMPLAINT FOR DAMAGES

- 3

8.  Plaintiff incorporates by reference as though fully set forth herein each and every allegation set forth above in this Complaint.  As a distinct claim for relief, Plaintiff alleges as follows:

9.  On or about 2007 BERMUDEZ filed a civil action against The Wackenhut Corporation, a predecessor in interest to G4S, and Carlos Velasquez alleging discrimination on the basis of his race and national origin.  Plaintiff is black and a native of Belize.

10.  On or about January 10, 2009 the matter was resolved.

11.  Throughout the pendency of the civil action and at all times thereafter until September 29, 2011 Plaintiff provided the services demanded of him as a security guard for G4S.

12.  BERMUDEZ is black, a native of Belize, and had previously reported discrimination on those bases to his employer.  As such Plaintiff falls within the membership of several classes of persons protected by FEHA.

13.  Following the resolution of Plaintiff's civil action against G4S' predecessor, Defendants G4S and its employees engaged in the following actions with the intent of harassing and retaliating against Plaintiff on account of his race, national origin and prior complaint of discrimination:  (1) BERMUDEZ was unfairly disciplined; (2) on or about September 30, 2011 BERMUDEZ contacted by telephone and told that he was being laid off.  He was promised a new position.  However, since

**COMPLAINT FOR DAMAGES**

- 4

that time G4S has failed and refused to provide
Plaintiff with employment.

14. BERMUDEZ tried tirelessly to obtain further employment
from G4S, BOYD and Does 1 to 30 to no avail.  BOYD and
G4S refused to answer his telephone calls and messages
were not returned.

15. G4S and BOYD engaged in said actions with the intent of
harassing and retaliating against BERMUDEZ on account of
his race, national origin and prior complaint of
discrimination.  G4S, BOYD and their agents and
supervisors knew or should have known of the harassing
actions and retaliatory behavior because they were
present when said actions took place.  Despite
Defendants' knowledge of the harassment and retaliation,
Defendants failed to take immediate and appropriate
corrective action to stop the conduct.  BERMUDEZ is
informed and believes that furthermore, before the
harassment occurred, G4S failed to take all reasonable
steps to prevent such harassment from occurring.

16. The actions alleged above caused Plaintiff to be
constructively discharged from his employment.
Defendants had actual knowledge of the intolerable
conditions caused by the acts of harassment, but failed
to take any steps to end those conditions.

17. Defendants' discriminatory actions against Plaintiff
constituted unlawful discrimination in employment on
account of race, national origin, and in retaliation for
complaining of discrimination in violation of FEHA.

**COMPLAINT FOR DAMAGES**

- 5

18.  As a proximate result of Defendants' discriminatory
     actions, Plaintiff has been harmed in that Plaintiff has
     suffered the loss of wages, salary, and benefits.

19.  As a direct, foreseeable and legal result of Defendants'
     fraud, Plaintiff has suffered and continues to suffer
     humiliation, embarrassment and mental and emotional
     distress and discomfort, all to his damage in an amount
     to be proven at trial.

20.  By reason of Defendants' conduct, Plaintiff may retain
     attorneys to prosecute this action.  Plaintiff would
     therefore be entitled to reasonable attorneys' fees and
     litigation expenses incurred in prosecuting this action.

21.  Defendants committed the despicable acts as herein
     alleged maliciously, fraudulently, and oppressively,
     with the wrongful intent of injuring Plaintiff, and have
     acted with an improper and evil motive amounting to
     malice, and in conscious disregard of Plaintiff's
     rights.  Because the despicable acts taken toward
     Plaintiff were carried out by managerial agents acting
     in a deliberate, planned, cold, callous and intentional
     manner in order to injure and damage Plaintiff, he is
     entitled to recover punitive damages from Defendants G4S
     and BOYD in an amount according to proof.

### SECOND CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

22.  Plaintiff incorporates by reference as though fully set
     forth herein each and every allegation set forth above

**COMPLAINT FOR DAMAGES**

- 6

1  in this Complaint.  As a distinct claim for relief,
2  Plaintiff alleges as follows:
3  23.  The Fair Employment and Housing Act constitutes a
4  fundamental public policy of the State of California.
5  24.  The actions of G4S, BOYD and Defendants 1 to 30 were in
6  violation of this fundamental public policy, thus giving
7  rise to the tortious wrongful termination of BERMUDEZ.
8  25.  As a proximate result of Defendants' actions, Plaintiff
9  has been harmed in that Plaintiff has suffered the loss
10  of wages, salary, and benefits.
11  26.  As a direct, foreseeable and legal result of Defendants'
12  conduct, Plaintiff has suffered and continues to suffer
13  humiliation, embarrassment and mental and emotional
14  distress and discomfort, all to his damage in an amount
15  to be proven at trial.
16  27.  Defendants committed the despicable acts as herein
17  alleged maliciously, fraudulently, and oppressively,
18  with the wrongful intent of injuring Plaintiff, and have
19  acted with an improper and evil motive amounting to
20  malice, and in conscious disregard of Plaintiff's
21  rights.  Because the despicable acts taken toward
22  Plaintiff were carried out by managerial agents acting
23  in a deliberate, planned, cold, callous and intentional
24  manner in order to injure and damage Plaintiff, he is
25  entitled to recover punitive damages from Defendants G4S
26  and BOYD in an amount according to proof.

27  **THIRD CAUSE OF ACTION**

28  Intentional Infliction of Emotional Distress
**COMPLAINT FOR DAMAGES**

- 7

Against G4S, BOYD and Does 1 to 30

28. Plaintiff incorporates by reference as though fully set forth herein each and every allegation set forth above in this Complaint.  As a distinct claim for relief, Plaintiff alleges as follows:

29. In doing the acts alleged above, including harassing and retaliating against Plaintiff, Defendants acted intentionally and maliciously, without probable cause.

30. As a direct, proximate, foreseeable and legal result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment and mental and emotional distress in an amount to be proven at trial.

31. Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Because the despicable acts taken toward Plaintiff were carried out by managerial agents acting in a deliberate, planned, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants G4S and BOYD in an amount according to proof.

**FOURTH CAUSE OF ACTION**

Negligent Infliction of Emotional Distress

Against G4S, BOYD and Does 1 to 30

**COMPLAINT FOR DAMAGES**

- 8 -

32. Plaintiff incorporates by reference as though fully set
    forth herein each and every allegation set forth above
    in this Complaint.  As a distinct claim for relief,
    Plaintiff alleges as follows:

33. Defendants G4S, BOYD and Does 1 to 30 knew, or in the
    exercise of due and reasonable care should have known
    that their conduct as alleged above would cause BERMUDEZ
    severe emotional distress.

34. As a direct, proximate, foreseeable and legal result of
    Defendants' conduct, Plaintiff has suffered and
    continues to suffer humiliation, embarrassment and
    mental and emotional distress and discomfort, all to his
    damage in an amount to be proven at trial.

**WHREEFORE**, Plaintiff prays judgment against Defendants as
follows:

1. For general damages according to proof;

2. For special and consequential damages according to proof;

3. For exemplary and punitive damages;

4. For reasonable attorney's fees according to proof;

5. For costs of suit herein incurred;

6. For such other and further relief as the Court may deem
   proper.

Date: October 11, 2013

Leonard Bermudez
Plaintiff in Pro Per

**COMPLAINT FOR DAMAGES**

- 9

# EXHIBIT B

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

RICHARD M. ROGERS, #045843
LAW OFFICE OF RICHARD M. ROGERS
100 BUSH STREET, #1980
SAN FRANCISCO, CA  94104
TELEPHONE NO.: 415/981-9788   FAX NO. (Optional): 415/981-9798
E-MAIL ADDRESS (Optional): ROGERSRMR@YAHOO.COM
ATTORNEY FOR (Name): PLAINTIFF BERMUDEZ

**F I L E D**
Superior Court of California
County of San Francisco

OCT 23 2013

CLERK OF THE COURT
BY: _Clins Rstin_
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA  94102
BRANCH NAME:

CASE NAME:
BERMUDEZ v G4S SECURE SOLUTIONS, ET AL.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>CGC-13-534821 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): LEONARD BERMUDEZ   makes the following substitution:

1. **Former legal representative**  ☑ Party represented self  ☐ Attorney (name):
2. **New legal representative**  ☐ Party is representing self*  ☑ Attorney
   a. Name: RICHARD M. ROGERS
   b. State Bar No. (if applicable): 045843
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      LAW OFFICE OF RICHARD M. ROGERS
      100 BUSH STREET, #1980, SAN FRANCISCO, CA  94104
   d. Telephone No. (include area code): 415/981-9788
3. The party making this substitution is a  ☑ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 10/22/13
   LEONARD BERMUDEZ
   _____        _____
   (TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY)

5. ☑   I consent to this substitution.
   Date: 10/22/13
   LEONARD BERMUDEZ
   _____        _____
   (TYPE OR PRINT NAME)                 (SIGNATURE OF FORMER ATTORNEY)

6. ☑   I consent to this substitution.
   Date: 10/22/13
   RICHARD M. ROGERS
   _____        _____
   (TYPE OR PRINT NAME)                 (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                  Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| BERMUDEZ v G4S SECURE SOLUTIONS, ET AL. | CGC-13-534821 |

### PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An* <u>unsigned</u> *copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

   100 BUSH STREET, #1980, SAN FRANCISCO, CA  94104

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1 ) Date of mailing:  10/22/13          (2) Place of mailing *(city and state)*:  SAN FRANCISCO, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  10/22/13

DEBORAH ROCHA
_____          _____
(TYPE OR PRINT NAME)                                          (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served:  G4S SECURE SOLUTIONS (USA) INC.
    b. Address *(number, street, city, and ZIP)*:
       c/o CSC LAWYERS INCORPORATING SERVICE
       2710 GATEWAY OAKS DRIVE 150N, SACRAMENTO, CA  95833
    c. Name of person served:
    d. Address *(number, street, city, and ZIP)*:


    e. Name of person served:
    f. Address *(number, street, city, and ZIP)*:


    g. Name of person served:
    h. Address *(number, street, city, and ZIP)*:


    i. Name of person served:
    j. Address *(number, street, city, and ZIP)*:


    ☐   List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]

### SUBSTITUTION OF ATTORNEY—CIVIL
### (Without Court Order)

Page 2 of 2

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>RICHARD M. ROGERS, #045843<br>LAW OFFICE OF RICHARD M. ROGERS<br>100 BUSH STREET, #1980<br>SAN FRANCISCO, CA 94104<br>TELEPHONE NO.: 415/981-9788    FAX NO. *(Optional):* 415/981-9798<br>E-MAIL ADDRESS *(Optional):* ROGERSRMR@YAHOO.COM<br>ATTORNEY FOR *(Name):* PLAINTIFF BERMUDEZ | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: LEONARD BERMUDEZ

DEFENDANT/RESPONDENT: G4S SECURE SOLUTIONS (USA) INC.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-13-534821 |
|---|---|

TO *(insert name of party being served):* G4S SECURE SOLUTIONS (USA) INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 10/22/13

RICHARD M. ROGERS
(TYPE OR PRINT NAME)                                    ► _____
                                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

NOTICE TO PLAINTIFF; ADR PACKAGE; SUBSTITUTION OF ATTORNEY

*(To be completed by recipient):*

Date this form is signed:

_____                                 ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

## PROOF OF SERVICE

I, S. Monique Belle, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 50 California Street, 9th Floor, San Francisco, CA 94111; I am over the age of eighteen (18) years and am not a party to this action.

On November 12, 2013, I served the attached:

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL

in this action by placing a true and correct copy thereof, enclosed in a sealed  envelope addressed as follows:

Richard M. Rogers                    *Attonrey for Plaintiff*
Law Office of Richard M. Rogers      Leonard Berumeez
100 Bush Street, #1980
San Francisco, CA 94104
Tel.: 415-981-9788
Fax: 415-981-9798
Email: rogersrmr@yahoo.com

[X]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]    BY HAND DELIVERY:  I caused such envelope to be delivered by hand to the above address.

[ ]    BY OVERNIGHT DELIVERY:  I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service (via Overnight Express).

[ ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the number indicated above.

[ ]    BY ELECTRONIC TRANSMISSION:  I caused such document(s) to be electronically transmitted to the above email address.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct; executed on November 12, 2013, at San Francisco, California.

S. Monique Belle

PROOF OF SERVICE                                      Case No.: CGC-13-534821

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| RICHARD M. ROGERS, #045843<br>LAW OFFICE OF RICHARD M. ROGERS<br>100 BUSH STREET, #1980<br>SAN FRANCISCO, CA 94104<br>TELEPHONE NO.: 415/981-9788   FAX NO. *(Optional):* 415/981-9798<br>E-MAIL ADDRESS *(Optional):* ROGERSRMR@YAHOO.COM<br>ATTORNEY FOR *(Name):* PLAINTIFF BERMUDEZ | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
|---|
| STREET ADDRESS: 400 McALLISTER STREET |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: SAN FRANCISCO, CA 94102 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: LEONARD BERMUDEZ |
|---|
| DEFENDANT/RESPONDENT: G4S SECURE SOLUTIONS (USA) INC. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-13-534821 |
|---|---|

TO *(insert name of party being served):* G4S SECURE SOLUTIONS (USA) INC.

| NOTICE |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.<br><br>If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: 10/22/13

RICHARD M. ROGERS
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

  NOTICE TO PLAINTIFF; ADR PACKAGE; SUBSTITUTION OF ATTORNEY

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

1

**PROOF OF SERVICE**

2      I, S. Monique Belle, declare that I am employed with the law firm of Jackson Lewis LLP, whose

3  address is 50 California Street, 9th Floor, San Francisco, CA 94111; I am over the age of eighteen (18)

4  years and am not a party to this action.

5      On November 21, 2013, I served the attached:

6

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

7  in this action by placing a true and correct copy thereof, enclosed in a sealed  envelope addressed as

8  follows:

9   Richard M. Rogers                 *Attonrey for Plaintiff*
      Law Office of Richard M. Rogers     Leonard Berumeez

10  100 Bush Street, #1980
      San Francisco, CA 94104

11  Tel.: 415-981-9788
      Fax: 415-981-9798

12  Email: rogersrmr@yahoo.com

13

14  [X]   <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon

15          fully prepaid, placed for collection and mailing on this date, following ordinary business practices,

16          in the United States mail at San Francisco, California.

17  [ ]   <u>BY HAND DELIVERY</u>:  I caused such envelope to be delivered by hand to the above address.

18

19  [ ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope to be delivered to the above address

20          within 24 hours by overnight delivery service (via Overnight Express).

21  [ ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the number indicated

22          above.

23  [ ]   <u>BY ELECTRONIC TRANSMISSION</u>:  I caused such document(s) to be electronically transmitted

24          to the above email address.

25      I declare under penalty of perjury under the laws of the State of California that the above

26  is true and correct; executed on November 21, 2013, at San Francisco, California.

27

28

S. Monique Belle

---

PROOF OF SERVICE                                    Case No.: CGC-13-534821

# EXHIBIT D

## Barairo, Marilou (San Francisco)

| | |
|---|---|
| **From:** | Askanas, Mark S. (San Francisco) |
| **Sent:** | Wednesday, November 20, 2013 1:40 PM |
| **To:** | rogersmr@yahoo.com; Barairo, Marilou (San Francisco) |
| **Subject:** | FW: Bermudez v G4S Secure Solutions (USA) Inc. - Amended Complaint |
| **Attachments:** | NOTICE.ACK.pdf |

Sorry for the mix up

Marilou, let's correct and resend

Thanks

**From:** Richard M. Rogers [mailto:rogersrmr@yahoo.com]
**Sent:** Wednesday, November 20, 2013 1:36 PM
**To:** Askanas, Mark S. (San Francisco)
**Subject:** Re: Bermudez v G4S Secure Solutions (USA) Inc. - Amended Complaint

The Clerk rejected filing of your signed Notice and Acknowledgement of Receipt because it was not dated.

**Richard M. Rogers**
**Law Office of Richard M. Rogers**
**100 Bush Street, #1980**
**San Francisco, CA  94104**
**Tel:        415/981-9788**
**FAX:      415/981-9798**
**Email:    RogersRMR@yahoo.com**
**Website:  RogersEmploymentLaw.com**

**From:** Richard M. Rogers <rogersrmr@yahoo.com>
**To:** "askanasm@jacksonlewis.com" <askanasm@jacksonlewis.com>
**Sent:** Wednesday, November 13, 2013 2:14 PM
**Subject:** Bermudez v G4S Secure Solutions (USA) Inc. - Amended Complaint

We are in receipt of the signed Notice And Acknowledgement Of Receipt-Civil, and have sent it to the Clerk for filing.

Attached please find Plaintiff's:

1. Notice of Unavailability

2. Request For Dismissal (Defendant Charles Boyd Only)

3. First Amended Complaint For Equitable Relief And Damages; Demand For Jury Trial

Hard copies to follow via USPS.

**Richard M. Rogers**
**Law Office of Richard M. Rogers**
**100 Bush Street, #1980**
**San Francisco, CA  94104**
**Tel:        415/981-9788**
**FAX:      415/981-9798**
**Email:    RogersRMR@yahoo.com**
**Website:  RogersEmploymentLaw.com**

# EXHIBIT E

**CIV-110**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>RICHARD M. ROGERS, #045843, LAW OFFICE OF RICHARD M. ROGERS<br>100 BUSH STREET, #1980, SAN FRANCISCO, CA 94104<br>TELEPHONE NO.: 415/981-9788    FAX NO. *(Optional):*   415/981-9798<br>E-MAIL ADDRESS *(Optional):* ROGERSRMR@YAHOO.COM<br>ATTORNEY FOR *(Name):* PLAINTIFF BERMUDEZ | **FOR COURT USE ONLY**<br><br>F I L E D<br>San Francisco County Superior Court<br><br>NOV 15 2013<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER:  LEONARD BERMUDEZ

DEFENDANT/RESPONDENT:  G4S SECURE SOLUTIONS, ET AL.

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER: CGC-13-534821 |

| |
|---|
| A conformed copy will not be returned by the clerk unless a method of return is provided with the document. |

| |
|---|
| This form may be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.) |

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [✓] With prejudice   (2) [ ] Without prejudice
   b. (1) [✓] Complaint   (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name):*                          on *(date):*
      (4) [ ] Cross-complaint filed by *(name):*                          on *(date):*
      (5) [ ] Entire action of all parties and all causes of action
      (6) [✓] Other *(specify):** AS TO DEFENDANT CHARLES BOYD ONLY

2. *(Complete in all cases except family law cases.)*
   The court [ ] did [✓] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 10-25-13

RICHARD M. ROGERS
(TYPE OR PRINT NAME OF [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[✓] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross–Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross–Complainant

*(To be completed by clerk)*

4. [ ] Dismissal entered as requested on *(date):*

5. [ ] Dismissal entered on *(date):*                          as to only *(name):*

6. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. [ ] Attorney or party without attorney notified on *(date):*
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed   [ ] means to return conformed copy

Date:                          Clerk, by _____, Deputy

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| PLAINTIFF/PETITIONER: LEONARD BERMUDEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: G4S SECURE SOLUTIONS, ET AL. | CGC-13-534821 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is (*check one below*):
   a. ☐   not recovering anything of value by this action.
   b. ☐   recovering less than $10,000 in value by this action.
   c. ☐   recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐   All court fees and court costs that were waived in this action have been paid to the court *(check one):*   ☐ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                          (SIGNATURE)

---

| | |
|---|---|
| *Bermudez v G4S Secure Solutions (USA) Inc.* | SF Superior No. CGC-13-534821 |

## PROOF OF SERVICE

I declare that:

     I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Bush Street, #1980, San Francisco, California, 94104.

     On November 13, 2013, I served the documents named below on the parties in this action as follows:

    REQUEST FOR DISMISSAL (DEFENDANT CHARLES BOYD ONLY)

Mark Askanas
Jackson Lewis LLP
199 Fremont St, 10th Fl
 San Francisco, CA 94105
Phone: (415) 394-9400
Fax: (415) 394-9401
Email: askanasm@jacksonlewis.com

  _X___ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice of The Law Office of Richard M. Rogers for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
  ____ (BY FACSIMILE) I caused to be sent via facsimile transmission a copy of each such document to the addressee(s) noted above. The transmission was complete without error, and a copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.
  _X___ (BY EMAIL) I caused to be sent via email transmission a copy of each such document to the person(s) at the email address(es) listed above.
  _____(BY PERSONAL SERVICE) I caused to be delivered by hand each such envelope to the addressee(s) noted above.
  _____(BY FEDERAL EXPRESS) I caused to be delivered to Federal Express for overnight courier service each such envelope to the addressee(s) noted above.
  _X___ I certify that the above-referenced documents were produced on paper purchased as recycled. [Superior Court Rule 2.101]

     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.   Executed on November 13, 2013, at San Francisco, California.

                                  Deborah Rocha

**EXHIBIT F**



1 | **RICHARD M. ROGERS, #045843**
**LAW OFFICE OF RICHARD M. ROGERS**
2 | 100 Bush Street, #1980
San Francisco, CA 94104
3 | Telephone:  415/981-9788
Facsimile:  415/981-9798
4 | Email:   RogersRMR@yahoo.com

5 | Attorneys for Plaintiff
**LEONARD BERMUDEZ**

**FILED**
San Francisco County Superior Court

NOV 15 2013

CLERK OF THE COURT
BY: _____
Deputy Clerk

---

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN FRANCISCO

### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| LEONARD BERMUDEZ, | Case No.: CGC-13-534821 |
| Plaintiff, | Case filed:       10/11/13 |
| v. | Trial date:       TBA |
| G4S SECURE SOLUTIONS (USA) INC., AND DOES 1 THROUGH 30, INCLUSIVE, | **FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff LEONARD BERMUDEZ alleges:

### I.   CHARGING ALLEGATIONS

1.     Plaintiff LEONARD BERMUDEZ ("Plaintiff" or "Bermudez") was employed as a security guard with Defendant G4S SECURE SOLUTIONS (USA) INC. ("G4S") and is a resident of Alameda County, California.

2.     Defendant G4S is registered with the California Secretary to State as a Corporation and Plaintiff is informed and believes that its principal place of business in California is in the City and County of San Francisco, California.  Plaintiff is informed and believes that the acts giving rise to this action occurred in the City and County of San Francisco.

//

3.     Plaintiff is informed and believes that at all relevant times Charles Boyd was a manager of Defendant G4S.  Plaintiff is informed and believes that Mr. Boyd is a resident of Alameda County, California. Mr. Boyd was at all relevant times a supervisor of Plaintiff. Plaintiff is informed and believes that as such Mr. Boyd had significant control over the decision as to who would be laid off and who would be called back to work by Defendant G4S.

4.     Plaintiff is informed and believes and alleges that at all relevant times, Mr. Boyd was an employee and/or managing agent of Defendant G4S who exercised substantial independent authority and judgment in his decisions making so that his decisions ultimately determined G4S' business policies.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 THROUGH 30 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the injuries suffered by Plaintiff, and for damages proximately caused by the conduct of each such Defendant as herein alleged. At all times mentioned, each of the Doe Defendants and employees of G4S were the agents, managing agents, servants and employees of the remaining Defendants and at all times mentioned, were acting within the course and scope of said agency, service and employment.

6.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, all Defendant, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts, omissions and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiff is informed and believes, and thereon alleges, that at all times material herein, Defendants were and are the agents of each other.

7.     Plaintiff has filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH") which has issued a right-to-sue letter, a copy of which is attached hereto as Exhibit 1.

8.     Plaintiff was born in 1949 in Belize.  He is of African ancestry with black skin.

9.     In or about 2007 Plaintiff filed a civil action against the Wackenhut Corporation, a predecessor in interest to Defendant G4S, and Carlos Velasquez alleging discrimination on the basis of his race and national origin (Case No. CGC-08-474140).

10.    On or about January 10, 2009, the matter was resolved.

11.    Throughout the pendency of the civil action and at all times thereafter until September 29, 2011, Plaintiff provided the services demanded of him as a security guard for G4S.

12.    Following the resolution of the prior action Defendants resumed discriminating against Plaintiff, as follows:

a.     Plaintiff was removed from his position as a security officer at Bank of America in 2009 and relocated to a lower paying position at Chevy's Restaurant.

b.     Plaintiff was removed from the Chevy's Restaurant position because of a false complaint that Defendant knew was false.

c.     Plaintiff was suspended from his next position on September 29, 2011, because he had taken time off to care for his gravely ill son and because of his own illness and disability.  Defendant knew about the illness of Plaintiff's son and Plaintiff's illness.  Mr. Boyd improperly accumulated sick days in order to suspend Plaintiff.

d.     Defendants have failed and refused to return Plaintiff to work since September 29, 2011, in spite of assurances to Plaintiff that he would be returned to work.  Plaintiff has applied for jobs posted by Defendants.  Defendants have failed and refused to respond to communications from Plaintiff.

13.    Defendants, through their agents including Mr. Boyd, acted as aforesaid because of Plaintiff's race, color, age, and his taking CFRA leave, and/or in retaliation for his filing the prior lawsuit.

14.    Defendants failed to take all reasonable steps to stop the said discrimination.

15.    As a proximate result of Defendant's discriminatory actions, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and benefits.

//

//

16.     As a direct, foreseeable and legal result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment and mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.

17.     Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial agents acting in a deliberate, planned, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendant G4S in an amount according to proof.

## FIRST CAUSE OF ACTION
### [Race Discrimination]

18.     Defendants acted as aforesaid because of Plaintiff's race in violation of Gov't Code §12940(a).

## SECOND CAUSE OF ACTION
### [Color Discrimination]

19.     Defendants acted as aforesaid because of Plaintiff's color in violation of Gov't Code §12940(a).

## THIRD CAUSE OF ACTION
### [Age Discrimination]

20.     Defendants acted as aforesaid because of Plaintiff's age in violation of Gov't Code §12940(a).

## FOURTH CAUSE OF ACTION
### [Violation of CFRA]

21.     Defendants' constructive termination of Plaintiff's employment violated Gov't Code §12945.2.

## FIFTH CAUSE OF ACTION
### [Failure to Prevent]

22.     Defendant's failure to prevent the said discrimination violated Gov't Code §12940(k).

## SIXTH CAUSE OF ACTION
### [Retaliation]

23.     Defendants' said conduct was in retaliation for Plaintiff's prior protected activity, in violation, of Gov't Code §12940(h).

**SEVENTH CAUSE OF ACTION**
**[Violation of Public Policy]**

24.     Defendant's said conduct violated public policy as set forth in California and federal statutes.

**ATTORNEY'S FEES**

25.     Plaintiff is entitled to recover attorney's fees pursuant to Gov't Code §12965.

WHEREFORE, Plaintiff prays for:

1.     Injunctive relief requiring Defendants to refrain from further discriminatory acts and remedying past discrimination;

2.     Actual damages in a sum to be ascertained at trial;

3.     General damages in an amount within the jurisdiction of this Court;

4.     Exemplary and punitive damages in an amount within the jurisdiction of this Court;

5.     Costs of suit, prejudgment interest, reasonable attorney's fees; and

6.     Such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:     11/13/13                      LAW OFFICE OF RICHARD M. ROGERS

By: _____
RICHARD M. ROGERS
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

Respectfully submitted,

Dated:     11/13/13                      LAW OFFICE OF RICHARD M. ROGERS

By: _____
RICHARD M. ROGERS
Attorneys for Plaintiff

BERMUDEZ
/COMPLAIN.1AM

Case No.: CGC-13-534821 -- FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL.

5



STATE OF CALIFORNIA |State and Consumer Services Agency

GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 12, 2012

Leonard Bermudez
8106 Hillside Street
Oakland, California94605

RE: **Notice of Case Closure and Right to Sue**
34306-16822 / 37A-2012-45340-C
<u>Bermudez / G4S Secure Solutions</u>

Dear Leonard Bermudez:

The Department of Fair Employment and Housing (DFEH) has closed your case for the following reason: [Investigated and Dismissed- No Basis to Process]. Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

**This is your Right-To-Sue Notice.** According to Government Code section 12966, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

If your complaint is dual filed with the United States Equal Employment Opportunity Commission (EEOC), you have a right to request EEOC to perform a substantial weight review of our agency's findings. This request must be made within fifteen (15) days of your receipt of the letter closing your case. Pursuant to Government code section 12965, subdivision (d) (1), your right to sue may be tolled during the pendency of EEOC's review of your complaint. To secure this review, you must request it in writing to the State and Local Coordinator at:

EEOC Northern California                    EEOC Southern California

| EXHIBIT 1 |

Notice of Case Closure and Right to Sue
October 12, 2012
Page **2** of **3**

| | |
|---|---|
| 350 The Embarcadero, Suite 500<br>San Francisco, CA  94106<br>(415) 625-5600 | 255 East Temple Ste., 4th Floor<br>Los Angeles, CA  90012<br>(213) 894-1000 |

You may file an appeal which is a written request made to the District Administrator for reconsideration of the decision to close your case.  Your appeal should include a 1) summary as to why you disagree with the reason; and/or, 2) any new detailed information (e.g., documents, records, witness information) that supports your claim.  If you appeal, the information you provide will be carefully considered.

Although DFEH has concluded that the evidence and information did not support a finding that a violation occurred, the allegations and conduct at issue may be in violation of other laws.  You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct.

Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.  Please note that if a settlement agreement has been signed resolving the complaint, you might have waived the right to file a private lawsuit.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney.  If you do not already have an attorney, the organizations listed below may be able to assist you:

-    The State Bar of California has a Lawyer Referral Services Program (LRS) which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

-    Your county may have a lawyer referral service.  Check the Yellow Pages of your telephone book under "Attorneys."

**Filing in Small Claims Court**
-    The Department of Consumer Affairs has information regarding filing claims in small claims court located on its Web site at www.dca.ca.gov.  You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" by contacting the DCA Publication Hotline at (866) 320-8685 or (800) 952-5210, or by writing to them at: Department of Consumer Affairs; Policy and Publications Development Office; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

Notice of Case Closure and Right to Sue
October 12, 2012
Page **3** of **3**

-   The State Bar of California has information on "Using the Small Claims Court"
under the "Public Services" section of its Web site located at www.calbar.ca.gov.

Sincerely,

Elizabeth Ramirez
Legal Analyst
213.439.6799

cc: G4S Secure Solutions
      2710 Gateway Oaks Dr. Ste 150N
      Sacramento, CA 95833

      Charles Boyd
      2710 Gateway Oaks Dr. Ste 150N
      Sacramento, CA 95833

| *Bermudez v G4S Secure Solutions (USA) Inc.* | SF Superior No. CGC-13-534821 |
|---|---|

## PROOF OF SERVICE

I declare that:

      I am employed in the County of San Francisco, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 100 Bush Street, #1980, San Francisco, California, 94104.

      On November 13, 2013, I served the documents named below on the parties in this action as follows:

FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL

Mark Askanas
Jackson Lewis LLP
199 Fremont St, 10th Fl
San Francisco, CA 94105
Phone: (415) 394-9400
Fax: (415) 394-9401
Email: askanasm@jacksonlewis.com

  X   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.  I am readily familiar with the practice of The Law Office of Richard M. Rogers for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

     (BY FACSIMILE) I caused to be sent via facsimile transmission a copy of each such document to the addressee(s) noted above.  The transmission was complete without error, and a copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

  X   (BY EMAIL) I caused to be sent via email transmission a copy of each such document to the person(s) at the email address(es) listed above.

     (BY PERSONAL SERVICE) I caused to be delivered by hand each such envelope to the addressee(s) noted above.

     (BY FEDERAL EXPRESS) I caused to be delivered to Federal Express for overnight courier service each such envelope to the addressee(s) noted above.

  X   I certify that the above-referenced documents were produced on paper purchased as recycled. [Superior Court Rule 2.101]

      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.     Executed on November 13, 2013, at San Francisco, California.

_____
Deborah Rocha

# EXHIBIT G

1   Mark S. Askanas (State Bar No. 122745)
    Alison H. Hong  (State Bar No. 272968)
2   JACKSON LEWIS P.C.
    50 California Street, 9th Floor
3   San Francisco, California  94111
    Telephone:  (415) 394-9400
4   Facsimile:  (415) 394-9401
    Email: askanasm@jacksonlewis.com
5        Alison.hong@jakcosnlewis.com

6   Attorneys for Defendant
    G4S SECURE SOLUTIONS (USA) INC.
7

**ENDORSED FILED**
San Francisco County Superior Court
DEC 12 2013
CLERK OF THE COURT
BY: _____
CAROLYN BALISTRERI
Deputy Clerk

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF SAN FRANCISCO

10

11  LEONARD BERMUDEZ,          Case No.  CGC-13-534821

12        Plaintiff,      **DEFENDANT G4S SECURE SOLUTION (USA) INC.'S ANSWER TO PLAINTIFF'S**

13      v.        ~~**UNVERIFIED**~~ **COMPLAINT**
                    1st Ammended
14  G4S SECURE SOLUTIONS (USA) INC.;
    CHARLES BOYD; Does 1 to 30 inclusive,   Complaint Filed:  October 11, 2012
15                      Trial Date:     None Set
        Defendants.
16

17      Defendant G4S SECURE SOLUTIONS (USA) INC. ("Defendant") hereby responds to

18  the unverified Complaint of Plaintiff LEONARD BERMUDEZ ("Plaintiff") as follows:

19                    **GENERAL DENIAL**

20      Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally

21  denies each and every allegation of the Complaint and further specifically denies that Plaintiff has

22  suffered any injury or damages of any kind attributable in any way to an act or omission of

23  Defendant.

24                **AFFIRMATIVE DEFENSES**

25      As separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of

26  action set forth therein, Defendant alleges as follows:

27  ///

28  ///

                             1         Case No.: CGC-13/534821
ANSWER TO UNVERIFIED COMPLAINT

1

### FIRST AFFIRMATIVE DEFENSE

2      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails

3   to state facts sufficient to constitute a cause of action against Defendant upon which relief may be

4   granted.

5

### SECOND AFFIRMATIVE DEFENSE

6      To the extent Plaintiff's Complaint, or any purported cause of action alleged therein,

7   asserts claims for emotional or physical injury, this Court lacks jurisdiction, and any recovery is

8   barred by the California Workers' Compensation Act's exclusive remedy doctrine.  Labor Code

9   section 3200, *et seq.*

10

### THIRD AFFIRMATIVE DEFENSE

11      Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation,

12   including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338,

13   including 338(a), 339, and 343, and California Government Code sections 12940 *et seq.*,

14   12960(d) and 12965(b).

15

### FOURTH AFFIRMATIVE DEFENSE

16      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by

17   virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

18

### FIFTH AFFIRMATIVE DEFENSE

19      Plaintiff is barred in whole or in part from recovering any damages, or any recovery must

20   be reduced, because Defendant exercised reasonable care to prevent and correct discriminatory

21   behavior based on race, color, age and any other protected classification, and to prevent

22   retaliatory behavior, whereas Plaintiff unreasonably failed to avail himself of the internal

23   preventive and/or corrective remedies provided by Defendant to prevent and otherwise avoid such

24   harm.

25

### SIXTH AFFIRMATIVE DEFENSE

26      Plaintiff's damages, if any, must be reduced by all income received by Plaintiff

27   subsequent to his separation from employment with Defendant.  Such income shall include,

28   without limitation, all earned income, state disability payments, social security disability

ANSWER TO UNVERIFIED COMPLAINT

1  payments, private disability insurance benefits, Medi-Cal and Medicare benefits, and any other

2  monies paid to Plaintiff in compensation for services rendered under any federal, state or local

3  program or from any private insurance company.

### SEVENTH AFFIRMATIVE DEFENSE

5  Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was

6  privileged and/or justified under California law.

### EIGHTH AFFIRMATIVE DEFENSE

8  Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

9  barred under the equitable doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

11  Plaintiff's first through sixth causes of action asserting statutory claims for discrimination

12  based on race, color and age, violation of the California Family Rights Act, failure to prevent

13  discrimination, and retaliation are barred in whole or in part to the extent Plaintiff failed to

14  meaningfully exhaust his administrative remedies for each of these claims in accordance with the

15  California Fair Employment and Housing Act, Government Code sections 12900 *et seq.*

### TENTH AFFIRMATIVE DEFENSE

17  Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

18  barred in whole or in part, because even assuming *arguendo* Defendant knew or should have

19  known Plaintiff was subjected to unlawful discrimination or retaliation, Defendant took

20  immediate and appropriate corrective action to remedy or accommodate any such concern.

### ELEVENTH AFFIRMATIVE DEFENSE

22  Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in

23  whole or in part because, even assuming *arguendo* that discriminatory, retaliatory or otherwise

24  unlawful reasons were a factor in any employment decision involving Plaintiff, Defendant would

25  have made the same employment decisions with regard to Plaintiff in any case for legitimate,

26  non-discriminatory business reasons.

27  ///

28  ///

ANSWER TO UNVERIFIED COMPLAINT

1

**TWELFTH AFFIRMATIVE DEFENSE**

2      The fourth cause of action for violation of the California Family Rights Act ("CFRA") is

3  barred because Plaintiff was not a covered employee. Cal. Gov. Code § 12945.2(c)(2); 2 Cal.

4  Code Regs. § 7297.0(e).

5

**THIRTEENTH AFFIRMATIVE DEFENSE**

6      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

7  barred under the equitable doctrine of waiver.

8

**FOURTEENTH AFFIRMATIVE DEFENSE**

9      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

10  barred under the equitable doctrine of estoppel.

11

**FIFTEENTH AFFIRMATIVE DEFENSE**

12      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

13  barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

14

**SIXTEENTH AFFIRMATIVE DEFENSE**

15      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred or

16  limited to the extent the doctrine of after-acquired evidence should provide additional defenses to

17  Plaintiff's claims and/or prayer for relief.

18

**SEVENTEENTH AFFIRMATIVE DEFENSE**

19      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

20  barred under the equitable doctrine of consent.

21

**EIGHTEENTH AFFIRMATIVE DEFENSE**

22      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

23  barred under the equitable doctrine of unclean hands.

24

**NINETEENTH AFFIRMATIVE DEFENSE**

25      Any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein,

26  related to his separation from employment is barred in whole or in part because Plaintiff was

27  employed at-will and cannot establish an exception to the at-will doctrine.  Labor Code § 2922.

28  ///

4               Case No.: CGC-13/534821

ANSWER TO UNVERIFIED COMPLAINT

1

## TWENTIETH AFFIRMATIVE DEFENSE

2       Because Plaintiff couches his Complaint in broad and conclusory terms, Defendant cannot

3   fully anticipate all defenses that may be applicable to this action, and Defendant thus reserves the

4   right to assert additional defenses to the extent such defenses become applicable.

5       WHEREFORE, Defendant prays for judgment as follows:

6       1.    That Plaintiff take nothing by his Complaint;

7       2.    That the Complaint be dismissed in its entirety with prejudice;

8       3.    That Plaintiff be denied each and every demand and prayer for relief contained in

9           the Complaint;

10      4.    For cost of suit incurred herein, including reasonable attorney's fees; and,

11      5.    For such other and further relief as the Court deems just and equitable.

12

13  Dated: December 12, 2013          JACKSON LEWIS P.C.

14

15

16            By:          _____

                    Mark S. Askanas

17                      Alison H. Hong

                    Attorneys for Defendants

18                      G4S SECURE SOLUTIONS (USA) INC.

19

20

21

22

23

24

25

26

27

28

                                          Case No.: CGC-13/534821

ANSWER TO UNVERIFIED COMPLAINT

1

2              **PROOF OF SERVICE**

3       I, S. Monique Belle, declare that I am employed with the law firm of Jackson Lewis P.C., whose

4   address is 50 California Street, 9th Floor, San Francisco, CA 94111; I am over the age of eighteen (18)

5   years and am not a party to this action.

6       On December 12, 2013, I served the attached:

7          **DEFENDANT G4S SECURE SOLUTION (USA) INC.'S ANSWER**
           **TO PLAINTIFF'S UNVERIFIED COMPLAINT**

8   in this action by placing a true and correct copy thereof, enclosed in a sealed   envelope addressed as

9   follows:

10  Richard M. Rogers                          *Attonrey for Plaintiff*
    Law Office of Richard M. Rogers            Leonard Berumeez
11  100 Bush Street, #1980
    San Francisco, CA 94104
12  Tel.: 415-981-9788
    Fax: 415-981-9798
13  Email: rogersrmr@yahoo.com

14

15  [X]   <u>BY MAIL</u>:   United States Postal Service by placing sealed envelopes with the postage thereon

16        fully prepaid, placed for collection and mailing on this date, following ordinary business practices,

17        in the United States mail at San Francisco, California.

18  [ ]   <u>BY HAND DELIVERY</u>: I caused such envelope to be delivered by hand to the above address.

19

20  [ ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope to be delivered to the above address

21        within 24 hours by overnight delivery service (via Overnight Express).

22  [ ]   <u>BY FACSIMILE</u>: I caused such documents to be transmitted by facsimile to the number indicated

23        above.

24  [ ]   <u>BY ELECTRONIC TRANSMISSION</u>: I caused such document(s) to be electronically transmitted

25        to the above email address.

26          I declare under penalty of perjury under the laws of the State of California that the above

27  is true and correct; executed on December 12, 2013, at San Francisco, California.

28                                              S. Monique Belle

---

PROOF OF SERVICE                                        Case No.: CGC-13-534821

JS 44 (Rev. 12/12)
Cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEONARD BERMUDEZ

## DEFENDANTS
G4S SECURE SOLUTIONS (USA) INC.

**(b)** County of Residence of First Listed Plaintiff   Alameda
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   State of Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD M. ROGERS, ESQ.
100 BUSH STREET, #1980
SAN FRANCISCO, CA 94104
TEL. (415) 981-9788; rogersrms@yahoo.com

Attorneys *(If Known)*
MARK S. ASKANAS, ESQ.,
JACKSON LEWIS P.C.
50 CALIFORNIA STREET, 9TH FLOOR
SAN FRANCISCO, CA 94111
TEL. (415) 394-9400; askanasm@jacksonlewis.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
X 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | X 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
X 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441(a) and 1446
Brief description of cause:
Discrimination, retaliation, and violation of public policy.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
( ) SAN FRANCISCO/OAKLAND   ( ) SAN JOSE   ( ) EUREKA

DATE
12/13/2013

SIGNATURE OF ATTORNEY OF RECORD
MARK S. ASKANAS